# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA

CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MAKINA VE KIMYA ENDUSTRISI KURUMU, <br><br> *Plaintiff*, <br><br> v. <br><br> KUTLAY KAYA *et al.*, <br><br> *Defendants*. | CASE NO. 3:20-cv-00072 <br><br><br> MEMORANDUM OPINION |

 This case is before the Court on Defendants' Motion for Leave to File an Amended Answer, Dkt. 160. Plaintiff "does not oppose Defendants' Motion for Leave to File an Amended Answer" but asserts that "the limitations defense raised in Defendants' Amended Answer is not properly before the Court on Defendants' pending motion to dismiss." Dkt. 165 at 1. Plaintiff argues that Federal Rule of Civil Procedure 12(b) "do[es] not sanction the filing of successive motions to dismiss," as "Defendants did not file a motion to dismiss any of [Plaintiff]'s claims based on the applicable statute of limitations." *Id.*

 On June 29, 2022, Defendants filed a motion to dismiss Plaintiff's 2013 and 2017 breach of contract claims. Dkt. 131. Defendants did not raise a statute of limitations defense. *See id.* Also, on June 29, 2022, Defendants filed their Answer to Plaintiff's Second Amended Complaint, without pleading the statute of limitations as an affirmative defense. Dkt. 132. On May 27, 2022, the parties entered a stipulation that stated: "Defendants shall file their answer and any counterclaims to the Second Amended Complaint, together with any 12(b) motions to the Second Amended Complaint, within thirty (30) days after the date on which the Second Amended

Complaint is filed." Dkt. 122 ¶ 3. Thus, Plaintiff argues that "Defendants must be limited to assert the affirmative statute of limitations defense they intend to include in their amended answer on a motion for summary judgment and/or at trial." Dkt. 165 at 5.

Defendants discussed the statute of limitations defense in their response to Plaintiff's Motion to Dismiss Second Amended Counterclaims and Cross-Motion to Dismiss, Dkt. 148 at 10–11, and at the September 19, 2022 hearing on the motions to dismiss. The Court will grant the motion to amend because a new defense would be added based on facts already pled, and Plaintiff received notice of the defense, indicating no unfair surprise or prejudice.

## ANALYSIS

"Where a defendant has failed to raise a statute of limitations defense by way of its answer, the defense is usually waived." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 653–54 (4th Cir. 2006); *see also Goyal v. Thermage, Inc.*, WDQ-08-0020, 2010 WL 2651185, at *2 (D. Md. July 1, 2010) ("Generally, a defendant waives the statute of limitations by failing to raise that defense in its answer or a pre-answer motion."). But in the Fourth Circuit it is also "well established that an affirmative defense is not waived absent unfair surprise or prejudice." *Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc.*, 380 F.3d 200, 205 n.3 (4th Cir. 2004) (citing *S. Wallace Edwards & Sons, Inc. v. Cincinnati Ins. Co.*, 353 F.3d 367, 373 (4th Cir. 2003)); *see also Caterpillar Overseas S.A. v. Marine Transport, Inc.*, 900 F.2d 714, 725 (4th Cir. 1990).

The motion implicates several Federal Rules of Civil Procedure. Rule 8(c)(1) states that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense" including statute of limitations. Under Rule 15(a), a motion to amend should be freely granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). And a court should only deny a motion to amend

where the court finds "undue delay, bad faith, or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [or] futility of amendment." *Ward Elec. Service, Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987) (quotations omitted). Rule 12(b) states that "[a] motion asserting [failure to state a claim upon which relief can be granted] must be made before pleading if a responsive pleading is allowed." And under Rule 12(d),

> [i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

"[I]f a plaintiff receives notice of an affirmative defense by some means other than pleadings, 'the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.'" *McCall-Scovens v. Blanchard*, Civ. No. ELH-15-3433, 2016 WL 6277668, at *4 (D. Md. Oct. 27, 2016) (internal references omitted). And while Rule 8(c)(1) "provides that, in responding to a pleading, 'a party must affirmatively state any . . . affirmative defense, including . . . statute of limitations . . . .,'" it "does not address the consequence of failure to do so." *Id.* Instead "Rule 12(h)(1) provides that a party waives the defenses set forth in Rule 12(b)(2)–(5) if they are not included in a responsive pleading or motion." *Id.* But Rule 12(b)(2)–(5) does not include the statute of limitations defense. And amendment should be allowed "if the court is persuaded that no prejudice will accrue." 6 *Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure (2004 & 2015 Supp.)*, § 1487 at 701. The Fourth Circuit has previously recognized that "[a]n amendment is not prejudicial . . . if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)).

Here, amending the answer to add a statute of limitations defense based on Turkish law does not result in prejudice. The years in which the parties entered the contract were presented in earlier filings, but Defendants relied on Virginia law in moving to dismiss Plaintiff's claim for breach of the 2013 and 2017 contracts. *See e.g.*, Dkt. 131. With the same contract dates as previously presented, Defendants now seek to add a statute of limitations defense that relies on Turkish law. The defense was discussed in Defendants' Response to Plaintiff's Motion to Dismiss Second Amended Counterclaims and Cross-Motion to Dismiss, Dkt. 148 at 10–11, and at the parties' hearing for the motions to dismiss, held on September 19, 2022. Further, though the first motion for expedited discovery was filed in November 2020, Dkt. 5, the case is before the Court at the motion to dismiss stage, meaning the amended answer would be filed at a still-early stage in the litigation life cycle.

Delay also plays a role in determining prejudice, and the Fourth Circuit has recognized that "the further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant . . . ." *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 439 (4th Cir. 2011) (quoting *Laber*, 438 F.3d at 427).

Here, there was no undue delay in motioning to file an amended answer. Courts within the Fourth Circuit have previously permitted amendment to include a statute of limitations defense even when "not especially persuaded by [the defendant's] assertion that it raised its statute of limitations defense at the earliest possible time," because there was no prejudice to plaintiffs. *Mulvey Construction, Inc. v. Bituminous Casualty Corp.*, 1:07-0634, 2011 WL 1231603, at 2–3 (S.D.W. Va. Mar. 30, 2011). This was not a case in which the motion to amend was raised shortly before the scheduled trial date or after discovery closed. *See Jones Engineering Sales, Inc. v. Faulkner/Baker & Associates, Inc.*, 199 F.3d 1327, 1999 WL 972171 (4th Cir. Oct. 26,

1999) (unpublished) (per curiam); *Simmons v. Justice*, 196 F.R.D. 296, 297 (W.D.N.C. 2000). The lawsuit had been in active litigation for nearly two years when the Defendants filed their motion to amend, but Defendants argue that "the need for Defendants to amend their answer only became necessary when [Plaintiff] asserted arguments in its motion to dismiss that contradicted the positions contained in its previously filed motion for leave." Dkt. 167 at 2. Defendants assert that Plaintiff, "in its motion for leave, represented both to the Court and Defendants that good cause existed that warranted it being allowed to assert claims arising out of a contract from nine years ago," which Plaintiff "**now admits that it knew were time barred by Virginia's four-year statute of limitations**." *Id.* (emphasis in original). So a new defense would be added based on facts already pled, and Plaintiff received notice of Defendants' intent to add the defense prior to filing a motion to amend their answer. The Court thus finds no unfair prejudice or surprise and grants Defendants' Motion to File an Amended Answer.

    The Clerk of the Court is hereby directed to send this Memorandum Opinion to all counsel of record.

    Entered this  28th day of November, 2022.

_Norman K. Moon_
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE