CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

October 28, 2024

LAURA A. AUSTIN, CLERK
BY  s/ S. MELVIN
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **MAKINA VE KIMYA ENDUSTRISIS A.S.,** | ) ) ) | |
| Plaintiff, | ) | Civil Action No. 3:20-cv-00072 |
| v. | ) ) | |
| **ZENITH QUEST CORPORATION, ET AL,** | ) ) ) | By: Hon. Robert S. Ballou United States District Judge |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

In this trademark infringement and contract litigation, Defendants Zenith Quest Corporation, Zenith Quest International, Inc., and Zenith Firearms, Inc. (collectively "Zenith") ask the court to award attorneys' fees under the Lanham Act following the jury verdict in favor of Zenith as to all claims and awarding Zenith damages on its counterclaims. Plaintiff Makina ve Kimya Endustrisi Kurumu, A.S. ("MKE"), opposes the motion for attorneys' fees. This case was not an "exceptional" case warranting an award of attorneys' fees under the Lanham Act, and I decline to award attorneys' fees in this matter.

### I.     Factual Background[1]

MKE is a Turkish company that manufactures and exports military products, including weapons, to the United States, as well as other countries. This action arose from the long-term business relationship between MKE and Zenith. Specifically, MKE and Zenith entered into contracts in 2013, 2017 and 2019, with Zenith serving as MKE's exclusive U.S. distributor.

---

[1] I recite the procedural history relevant to the pending motion for attorneys' fees. A more comprehensive statement of facts is set forth in the court's memorandum opinion on summary judgment. Dkt. 342.

MKE initiated this suit against Zenith alleging multiple claims, including breach of contract under the 2013, 2017 and 2019 Agreements, trademark infringement, fraudulent registration of MKE's trademark, unjust enrichment, false advertising, and defamation. Zenith counterclaimed for breach of contract and unjust enrichment. The court denied motions to dismiss filed by both parties and allowed MKE's claims and Zenith's counterclaims to proceed. Dkt. 240.

The parties filed cross-motions for summary judgment on multiple issues. Specifically, MKE moved for summary judgment on its Lanham Act claims of unfair competition, trademark infringement, and cancellation of trademark registration; common law unfair competition; and breach of the 2019 Agreement. MKE also moved for summary judgment on Zenith's counterclaims for breach of the 2013, 2017 and 2019 Agreements and unjust enrichment. Zenith moved for summary judgment on all of MKE's claims, as well as its own counterclaims of breach of the 2017 and 2019 Agreements and unjust enrichment.

The court granted summary judgment to MKE as to Zenith's counterclaims for breach of the 2013 and 2017 Agreements and unjust enrichment, and dismissed those counts. The court granted Zenith's motion for summary judgment as to MKE's count III (cancellation of trademark registration due to likelihood of confusion), VIII (unjust enrichment), IX (account stated), X (breach of 2013 Agreement), XI (breach of the covenant of good faith and fair dealing as to the 2013 Agreement), XIII (breach of the covenant of good faith and fair dealing as to the 2017 Agreement), XV (unjust enrichment as to the 2013 and 2017 Agreements), XVI (defamation) and XVII (defamation per se), and dismissed those claims.  The court denied summary judgment as to all other claims.  Dkt. 342, 343.

The case went to the jury on the parties' competing claims for breach of the 2019 Agreement, as well as MKE's trademark infringement, fraudulent registration, and false advertising claims. Following a nine-day trial, the jury returned a verdict in favor of Zenith on all claims and awarded Zenith $720,000.00 on its counterclaim against MKE for breach of the 2019 Agreement.

Following the verdict, MKE filed a motion for judgment as a matter of law, asking the court to set aside the verdict, or alternatively, award a new trial. The court denied the motion in its entirety. Dkt. 458. Zenith filed the instant Motion for Attorneys' Fees, asserting that it is entitled to an award of attorneys' fees under the Lanham Act and facts of this case.

## II.     Attorneys' Fees Under the Lanham Act

The Lanham Act permits the court to award reasonable attorney fees to the prevailing party in exceptional cases. 15 U.S.C. § 1117(a). The statute does not define what constitutes an "exceptional case," and there is no "precise rule or formula for" determining whether a case is exceptional. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

The Fourth Circuit has articulated a series of circumstances justifying a case as "exceptional." *Citi Trends, Inc. v. Coach, Inc.*, 780 F. App'x 74, 80 (4th Cir. 2019). A district court may find a case "exceptional" under § 1117(a) when it determines, in light of the totality of the circumstances, that: 1) there is an unusual discrepancy in the merits of the positions taken by the parties, based on the non-prevailing party's position as either frivolous or objectively unreasonable; 2) the non-prevailing party has litigated the case in an unreasonable manner; or 3) there is otherwise the need in particular circumstances to advance considerations of compensation and deterrence. *Georgia-Pacific Consumer Prods. LP v. von Drehle Corp.*, 781 F.3d 710, 719–21 (4th Cir. 2015). These factors are not exhaustive or determinative, and the

court should look to the totality of the circumstances to determine whether the case, as a whole, is exceptional. *Id.* The party seeking fees bears the burden to show that the case is "exceptional" by a preponderance of the evidence. *Verisign, Inc. v. XYZ.COM LLC*, 891 F.3d 481, 484–85 (4th Cir. 2018). It is rare for a case to be found exceptional. *Id.* at 488.

### A. Merits of Zenith's Position

Zenith is unquestionably the prevailing party in this action. The jury found for Zenith on every issue litigated at trial and awarded Zenith damages on its counterclaim. However, the inquiry for attorneys' fees is not based on the ultimate outcome and trial verdict. Rather, the court must consider the totality of the circumstances to determine if MKE's position was frivolous or objectively unreasonable. Zenith argues that this case is exceptional because MKE's claims were objectively unreasonable, unrealistic, and frivolous. Reviewing the case in its entirety, I find that MKE litigated in good faith, and that while ultimately unsuccessful, its claims were not so lacking in merit that the action as a whole was "exceptional."

Zenith argues that MKE's trademark claims rise to the level of an "exceptional case" because MKE complained about actions taken by Zenith that MKE authorized, and that MKE was fully aware of and consented to the manner in which Zenith utilized the MKE mark during the parties' business relationship. Zenith notes that MKE's reverse passing off trademark claim related to Zenith's distribution of user manuals that were approved and printed by MKE, and that MKE was aware of and acquiesced to the contents of Zenith's website during their business relationship.  Zenith also argues that MKE's false advertising claims were "exceptional" because MKE is a foreign entity without direct sales in the United States and it failed to produce any evidence of lost sales, damage to reputation or other tangible injury because of Zenith's alleged false advertising.

Zenith's arguments in support of these positions re-assert the factual and legal basis for its defense in the underlying case, but do not establish that MKE pursued a frivolous or objectively unreasonable position. That Zenith's defenses to MKE's claims were successful at trial does not deprive MKE's claims of potential merit. MKE established at trial that it has a valid trademark. MKE argued that Zenith used its mark without authorization after MKE terminated Zenith's distributorship in 2019. MKE presented evidence and argued at trial that Zenith used the MKE mark in 2020, that MKE sent Zenith a cease-and-desist letter to stop using the mark in 2020, and that Zenith's social media and advertisements continued to use the mark. These arguments did not ultimately succeed, but they were not legally frivolous.

Further, although Zenith ultimately prevailed at trial, the court denied its dispositive motions relating to MKE's Lanham Act claims at the summary judgment stage and at the close of the evidence. *See Concordia Pharm. Inc. v. Method Pharm., LLC*, 240 F. Supp. 3d 449, 459 (W.D. Va. 2017) (finding claim not frivolous or objectively unreasonable when it survived summary judgment and motions at the end of defendants' evidence) (citing cases). "Pressing a claim that is ultimately found to lack merit does not require a finding that position of the party is frivolous or unreasonable." *Passport Health, LLC v. Avance Health Sys., Inc.*, No. 5:17cv187, 2021 WL 276165, at *1 (E.D.N.C. Jan. 26, 2021) (citing *Express Homebuyers USA, LLC v. WBH Mktg., Inc.*, No. 18-2353, 2019 WL 6048822 (4th Cir. Nov. 15, 2019)).

Zenith also asserts that MKE's unreasonable litigation position is evidenced by its decision to drop a claim during trial for trademark infringement on firearms that Zenith modified prior to sale. MKE discussed this claim during opening statements, but introduced no evidence in support of the claim and ultimately informed the court that it was not pursuing the claim. MKE asserts that this was a strategic decision to focus its efforts on its principal trademark

infringement theory at trial. Parties often must make strategic decisions regarding the presentation of evidence and resources. While MKE chose to narrow the claims litigated at trial, it proceeded with multiple claims for which it presented evidence. I cannot say that MKE's position, although not accepted by the jury, was brought in bad faith, or was so frivolous or meritless to warrant an award of attorneys' fees.

### B. Litigation Conduct

Zenith also fails to establish that this case was litigated in an unreasonable manner. "Typically, this prong is satisfied where the non-prevailing party engages in some form of 'egregious behavior' in litigating a case." *Concordia Pharm., Inc.*, 240 F. Supp. 3d at 459 (citing *LendingTree v. Zillow, Inc.*, 54 F.Supp.3d 444, 460 (W.D.N.C. 2014)).

Zenith argues that MKE pursued weak Lanham Act claims for the improper purpose of causing financial injury to Zenith as a business competitor. Zenith relies upon an email produced by MKE in a separate litigation referencing a remark by a non-party about "billing and bleeding" related to the underlying Zenith litigation. Dkt. 462-2. Zenith argues that MKE "may have been motivated in its litigation strategy to cause damages to Zenith in the form of astronomical legal fees" (Dkt. 462-1, p. 11), based on this brief statement in an email that is open to multiple interpretations. In response, MKE submitted a sworn declaration by the individual who made the statement, reflecting that it related to the amount of fees the non-party incurred to respond to subpoenas it received from Zenith in different litigation, which were later withdrawn by Zenith. Dkt. 476-2. This ambiguous statement does not establish any motive on the part of MKE, and certainly does not evidence egregious litigation conduct or strategy. The fact that MKE sued its competitor, and the litigation was long and laborious, is not, in and of itself, sufficient to demonstrate an unreasonable litigation strategy.

Zenith also argues that MKE used unreasonable tactics during the questioning of one witness at trial, requiring intervention by the court. While Zenith highlights some combative witness questioning, there is no evidence that the case as a whole was litigated unreasonably. Zenith points to no other evidence of delay or other unreasonable tactics used by MKE.

### C. Compensation and Deterrence

An award of attorneys' fees is not necessary to advance considerations of compensation or deterrence in this case. The need for compensation or deterrence is addressed by the jury's verdict awarding damages to Zenith. *See Concordia Pharm. Inc.*, 240 F. Supp. 3d at 459 (award of damages sufficient to compensate plaintiff and deter defendants and others from unlawful conduct).

### III. Conclusion

MKE had legal theories that it pursued and lost. Reviewing the case as a whole, I find that MKE litigated in good faith, and that while ultimately unsuccessful, its claims were not so lacking in merit that the action as a whole was "exceptional." Accordingly, Zenith's motion for attorney fees (Dkt. 462) is **DENIED**. A separate Order accompanies this Opinion.

Entered: October 28, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge